**In the Matter of Spurgeon
GREEN, III.**

No. 98S00–0605–DI–177.

Supreme Court of Indiana.

May 11, 2007.

*ORDER IMPOSING IDENTICAL
RECIPROCAL DISCIPLINE*

The Indiana Supreme Court Disciplinary Commission filed a "Verified Notice of Foreign Discipline and Petition for Issuance of an Order to Show Cause," advising that Respondent was disciplined by the State of Georgia and requesting, pursuant to Indiana Admission and Discipline Rule 23(28), that identical reciprocal discipline be imposed in this state. On May 23, 2006, this Court issued an "Order to Show Cause", to which Respondent has not responded. This case is now before this Court for final resolution.

Respondent was admitted to practice law in Indiana in 1991. Respondent was also licensed to practice law in the State of Georgia. On November 21, 2005, the Supreme Court of Georgia issued an opinion holding Respondent violated Georgia's rules of professional conduct based on the following conduct:

(1) A client retained Respondent and paid him $600 in a guardianship case. Respondent entered an appearance, but took *no further action*, failed to communicate with the client, and failed to refund the client's fee or return the client's file.

(2) A client retained Respondent to represent him in a personal injury matter. Respondent informed the client in December 2003 that the case had been settled for $10,000, gave the client one-third of the proceeds, and told the client he would provide the remainder in 90 days. Respondent, however, failed to deliver or account for the balance, and he failed to communicate to the client about the balance of proceeds.

(3) A client retained Respondent and paid him $750 to represent him in a criminal case. After meeting with the client once, Respondent failed to communicate further with him regarding the case.

(4) A client retained Respondent and paid him $1,085 to represent her in a contested divorce. Respondent then failed to communicate with the client.

(5) A client retained Respondent and paid him $399 to represent her in a divorce. Although he did not file anything on her behalf, he told the client he had filed the divorce papers and the divorce had not be finalized because the judge was behind. Respondent then failed to communicate with the client about the case.

(6) A client retained Respondent and paid him $1,200 to represent him in a divorce. Respondent told the client the divorce would be finalized on January 10, 2005, and that he would call if anything changed. Respondent, however, took no action on the client's case and failed to communicate with him about the case.

In addition, Respondent failed to respond to notices of investigation regarding these incidents. As a result of his misconduct, the Supreme Court of Georgia disbarred Respondent.

The Court further notes Respondent is currently suspended from practice in Indiana pursuant to the following actions: Cause No. 94S00–0404–MS–187 (order of April 30, 2004, for violation of dues and continuing legal education requirements) and Cause No. 98S00–0408–DI–360 (order of November 24, 2004, imposing identical

reciprocal discipline based on suspension from the practice of law in Illinois).

The Court finds that there has been no showing, pursuant to Admission and Discipline Rule 23(28)(c),[1] of any reason why reciprocal discipline should not issue in this state.

IT IS THEREFORE ORDERED that **Respondent is suspended from the practice of law in this state.** Respondent is ordered to fulfill the duties of a suspended attorney under Admission and Discipline Rule 23(26). Respondent shall not be eligible to petition for reinstatement in this state pursuant to Admission and Discipline Rule 23(4) until he is reinstated to the practice of law in the State of Georgia and his suspensions under Cause No. 94S00–0404–MS–187 and Cause No. 98S00–0408–DI–360 are lifted, or until further order of this Court.

The Clerk of this Court is directed to forward notice of this Order to Respondent or Respondent's attorney, to the Indiana Supreme Court Disciplinary Commission, to the Supreme Court of Georgia, to the Supreme Court of Illinois, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d), governing suspension.

All Justices concur.

---

1. Admission and Discipline Rule 23(28)(c), provides:

(c) Upon the expiration of thirty (30) days from service of the order [order to show cause] set out in subsection (b), this Court shall impose discipline identical to that ordered in the other jurisdiction unless the Executive Secretary or the lawyer demonstrate, or this Court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:

(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;

(2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duty, accept as final the conclusion on that subject;

(3) The imposition of the same discipline by the Court would be inconsistent with standards governing sanctions in this rule or would result in grave injustice; or

(4) The misconduct established warrants substantially different discipline in this state.

If this Court determines that any of those elements exists, this Court shall enter such other order of discipline as it deems appropriate. The burden is on the party seeking different discipline in this state to demonstrate that the imposition of the same discipline is unwarranted.

(d) In all other aspects, a final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state.